UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                    **DECISION AND ORDER**

      v.                              6:15-CR-06054 EAW

                                      (District of Nebraska Case Nos.

KIRK COTTOM,                   8:13-CR-108 and 8:15-CR-239)

            Defendant.

_____

## BACKGROUND

Defendant Kirk Cottom ("Defendant") seeks reconsideration (Dkt. 65) of the Court's denial of his motion for early termination of his supervised release or, in the alternative, to strike special conditions 4, 5, 6, 7, 8, 11, 12, and 13 (Dkt. 64). Defendant further requests that the Court grant him leave to appeal *in forma pauperis* in the event that it denies his request for reconsideration. (Dkt. 65 at 1). Familiarity with the Court's Decision and Order denying Defendant's motion and with the procedural history of this matter is assumed for purposes of the instant Decision and Order.

Because Defendant has not demonstrated that the Court overlooked controlling decisions or information, his request for reconsideration is denied. The Court further denies without prejudice Defendant's request for *in forma pauperis* status.

- 1 -

## DISCUSSION

### I.   Request for Reconsideration

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006). District courts "have applied the applicable civil standard to such motions in criminal cases." *United States v. Larson*, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013).

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Before turning to Defendant's arguments in favor of reconsideration, the Court notes that he again seeks to challenge the basis for his guilty plea and conviction, arguing that he "can NOW prove, by preponderance of the evidence, that he was railroaded with fraudulent NIT data." (Dkt. 65-2 at 5). As the Court has repeatedly explained to Defendant, it has no authority to assess the validity of his underlying conviction. It is not, as Defendant contends, that the Court "doesn't care about any of that" (*id*. at 6)—the Court, like every federal court, can act only within the bounds of its jurisdiction. Defendant's attacks on his underlying conviction cannot be heard in this District; they must be brought before "the court which imposed the sentence." 28 U.S.C. § 2255(a).

Turning to Defendant's arguments for reconsideration, Defendant argues first that the Court "erred by failing to consider all the factors in [18 U.S.C.] § 3553(a) while denying his [motion] and ignoring that: . . . the need . . . to reflect the seriousness of the offense, 18 U.S.C. § 3553(a)(2)(A), is not a factor at play in considering whether early termination of supervision is warranted[.]" (Dkt. 65 at 1 (quotation marks omitted and alterations in original)). This argument lacks merit. The Court's denial of Defendant's motion for early termination of supervised release did not rely in any fashion on the need to reflect the seriousness of his offense. While the Court discussed the factual basis for Defendant's guilty plea, it did so in considering Defendant's arguments regarding the nature and circumstances of his offense. (*See* Dkt. 64 at 7-8). The nature and circumstances of the offense are properly considered on a motion for early termination of supervised release. *See* 18 U.S.C. § 3583(e)(1).

- 3 -

The Court further explained that it viewed Defendant as a continued threat to the public due to his "ongoing attempts to downplay his culpability and deny his conduct[.]" (Dkt. 64 at 9-10).  The Court's analysis appropriately focused on the specific arguments made by Defendant, particularly because it had already issued a detailed Decision and Order explaining its consideration of the relevant § 3553(a) factors in the context of Defendant's request for modification of the special conditions of his supervised release. (*See* Dkt. 41; *see also* Dkt. 64 at 11 (incorporating the Court's prior reasoning and conclusions)).  While the Court did not spell out its assessment of the other applicable factors in detail, the Court was clear that it had considered all "the relevant factors set forth at 18 U.S.C. § 3553(a)."  (Dkt. 64 at 7 (*see also id*. at 5 (identifying applicable factors))).  The Court was not obligated to provide a more detailed discussion, and Defendant's disagreement with the Court's decision is not a basis for reconsideration.

Defendant's second argument is that "the Court erred by not applying U.S.S.G. § 5F1.5 to each of the challenged conditions" of supervised release.  (Dkt. 65 at 6).  Again, this argument lacks merit.  The cited provision of the Sentencing Guidelines discusses when a court "may impose a condition of probation or supervised release prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so," and sets forth certain specific determinations a court must make before imposing such an occupational restriction.  U.S.S.G. § 5F1.5.  The Court did not impose any conditions of supervised release on Defendant in denying his alternative request to strike special conditions 4, 5, 6, 7, 8, 11, 12, and 13.  On its own

terms, U.S.S.G. § 5F1.5 does not apply to a court's denial of a request to strike a previously imposed condition.

*United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017) and *United States v. Doe*, 79 F.3d 1309 (2d Cir. 1996), on which Defendant relies (*see* Dkt. 65 at 6) are inapposite.  In both of those cases, the defendant was directly appealing the imposition of the condition(s) at issue.  Here, Defendant was asking the Court to strike special conditions that had already been affirmed on appeal.

In any event, § 5F1.5 requires the Court to determine that "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction" and that "imposition of [an occupational] restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted."  U.S.S.G. § 5F1.5.  In denying Defendant's alternative request to strike special conditions 4, 5, 6, 7, 8, 11, 12, and 13, the Court found that (1) "Defendant is a sophisticated computer user who was convicted of child pornography crimes involving the use of websites 'on a clandestine network, accessible only with special software and designed to obscure a user's identity'" and (2) the challenged conditions were "necessary for, among other things, specific deterrence of future criminality, public protection, and rehabilitation" and the Court was "not persuaded that" Defendant was "no longer a danger to reoffend."  (Dkt. 64 at 11-12 (citation omitted)). In other words, the Court made the findings required by § 5F1.5.

Finally, the Court notes that Defendant accuses it of taking a "dismissive posture" towards his motion because he is acting *pro se*.  (Dkt. 65 at 9).  Contrary to Defendant's assertion, the Court, as is its duty under the law, has treated Defendant's motion with extra solicitude in light of his *pro se* status.  The Court's denial of Defendant's motion was based on its assessment of the law and the facts and was unrelated to Defendant's unrepresented status.

## II.   <u>Request to Proceed *In Forma Pauperis*</u>

In his motion for reconsideration, Defendant has included a single sentence asking that the Court "GRANT permission to proceed *In forma pauperis*; upon the likely event that the Court doesn't reverse its decision to DENY" his motion for early termination of supervised release or, in the alternative to strike special conditions 4, 5, 6, 7, 8, 11, 12, and 13.  (Dkt. 65 at 1).  However, in order to be granted leave to appeal *in forma pauperis*, Defendant must file a motion and submit an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or to give security for fees and costs"; (2) "claims an entitlement to redress"; and (3) "states the issues that [he] intends to present on appeal."  Fed. R. App. P. 24(a)(1).  Defendant has not complied with this requirement.  Accordingly, his request for leave to appeal *in forma pauperis* is denied without prejudice to the filing of a procedurally proper motion.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant's motion for reconsideration (Dkt. 65) is denied.  Defendant's request for leave to appeal *in forma pauperis* is denied without prejudice.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        October 17, 2023
              Rochester, New York