UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              **DECISION AND ORDER**

      v.                                6:15-CR-06054 EAW

KIRK COTTOM,

      Defendant.
_____

A four-count indictment against Defendant Kirk Cottom ("Defendant") was returned in this District on April 21, 2015. (Dkt. 1). On July 31, 2015, the Court granted a consent motion to transfer the case to the United States District Court for the District of Nebraska pursuant to Federal Rule of Criminal Procedure 21(b). (Dkt. 14). Thereafter, on August 3, 2015, Defendant pleaded guilty in the District of Nebraska to a violation of 18 U.S.C. § 2252A(a)(5)(B) (access with intent to view child pornography) and 18 U.S.C. § 2252A(a)(2)(A) (receipt of child pornography). (Dkt. 36-2). On December 17, 2015, Defendant was sentenced to 72 months imprisonment concurrent, to be followed by six years of supervised release. (Dkt. 36-4; Dkt. 63 at 44-45).

On November 1, 2024, Defendant filed a motion for early termination of supervised release (Dkt. 72), which the Court denied on February 18, 2025 (Dkt. 75 ("the February

2025 Order")).[1]  On February 27, 2025, Defendant filed a Notice of Appeal with respect to the February 2025 Order (Dkt. 77), and he also filed a motion to proceed *in forma pauperis* (Dkt. 76).  On March 3, 2025, Defendant also filed an "ex parte motion for data," requesting that the Court provide him with "early termination data," or the percentage of cases in which the Court has granted early termination of supervised release.  (Dkt. 79).

The Court turns first to Defendant's motion to proceed *in forma pauperis*.  As explained by the Court in the February 2025 Order, Defendant has filed several motions for early termination of supervised release.  He has pursued two appeals to the Second Circuit, both of which were unsuccessful.  (Dkt. 59; Dkt. 73).  None of the arguments he has made in connection with his most recent motion for early termination—including that because the current President of the United States is a convicted felon who pardoned other convicted felons, and therefore the Court should grant his motion in the interests of fairness—are remotely persuasive, or justify terminating supervision in Defendant's case.  For those reasons, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the February 2025 Order would not be taken in good faith.  Accordingly, *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Requests to proceed on appeal *in forma pauperis* should be directed on

---

[1]  The November 1, 2024 motion is not Defendant's first motion seeking early termination of supervised release.  Since the Court accepted jurisdiction over Defendant's supervised release on April 26, 2021 (*see* Dkt. 63), Defendant has filed four separate motions for early termination of supervised release (*see* Dkt. 26; Dkt. 46; Dkt. 52; Dkt. 72)—or five if one considers Defendant's motion to reconsider the Court's prior denial of one of those motions (*see* Dkt. 65).

motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Court turns next to Defendant's motion for early termination data. Defendant seeks information concerning the percentage of cases where the undersigned has granted early termination of supervised release, so as to compare those figures to another district judge in another district. (Dkt. 79). Defendant offers no basis for his request nor is the Court aware of any such grounds. Accordingly, the request is denied. To the extent that the Court lacks jurisdiction because of Defendant's pending appeal of the February 2025 Order denying his motion for early termination of supervised release, the denial is made pursuant to Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

For those reasons, Defendant's motion to proceed *in forma pauperis* (Dkt. 76) and his motion for early termination data (Dkt. 79) are denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 7, 2025
       Rochester, New York